IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CANDYCE JONES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 3:12-cv-599 |
| | ) |
| UNITED STATES OF AMERICA, | ) Judge Sharp |
| | ) |
| Respondent. | ) |

## ORDER

Before the Court is the government's motion for the issuance of an order finding that the movant, Candyce Jones, has waived the attorney-client privilege, filed July 24, 2012. (ECF No. 15.) Jones has not responded to the motion.

In support of its motion, the government states that Jones's § 2255 motion raises, as one of the grounds for relief, the ineffective assistance of her former attorneys, Stephen Grace and Cynthia Fort. The government contends that in order to respond effectively to the allegations of ineffective assistance, it will need to contact the movant's former attorneys and to discuss with them the allegations in the motion concerning their representation.

The attorney-client privilege is intended to encourage full and frank communication between client and attorney. "Although the privilege typically is the client's to assert or waive, courts have recognized that a client implicitly waives the attorney-client privilege by putting the attorney's performance at issue during subsequent litigation." *Mason v. Mitchell*, 293 F. Supp. 2d 819, 823 (N.D. Ohio 2003) (citing *Hunt v. Blackburn*, 128 U.S. 464 (1888); *Bittaker v. Woodford*, 331 F.3d 715, 718–20 (9th Cir. 2003)).

The Sixth Circuit addressed this issue in *Cooper v. United States*, 5 F.2d 824 (6th Cir. 1925) when it held as follows:

> The rule which forbids an attorney from divulging matters communicated to him by his client in the course of professional employment is for the benefit of the client. But it may be waived by the client; and when a client, in attempting to avoid responsibility for his acts, as in this case, divulges in his testimony what he claims were communications between himself and his attorney, and especially when his version of what transpired reflects upon the attorney, the reason for the rule ceases to exist, and the attorney is at liberty to divulge the communications about which the client has testified.

*Cooper*, 5 F.2d at 825 (citing *Hunt*, 128 U.S. 464). The Sixth Circuit has also noted that there may be implied waivers of the attorney-client privilege in habeas cases "when the petitioner 'injects into [the] litigation an issue that requires testimony from [her] attorneys or testimony concerning the reasonableness of [her] attorneys' conduct.'" *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001)). "The implied waiver in habeas proceedings has typically been the result of a petitioner's assertion of his own counsel's ineffectiveness." *Id.*

While a habeas petitioner may implicitly waive the attorney-client privilege by raising an ineffective-assistance claim in her petition, it is clear that "the waiver in habeas cases [is] limited to the extent necessary to litigate a petitioner's ineffective assistance of counsel claims." *Mason*, 293 F. Supp. 2d at 823 (citing *Bittaker*, 331 F.3d at 722). The waiver in this context does not provide the government with broad latitude to delve into areas of attorney-client communications that are not directly implicated by the habeas claims. *Id.* at 824.

The Court finds that Jones's allegations of ineffective assistance of counsel and attorney malfeasance in her § 2255 Motion constitute a waiver of her attorney-client privilege. To rule otherwise would silence these attorneys so the government could not call them as witnesses to explain their actions.

Accordingly, the government's motion for a finding that the movant has waived the attorney-client privilege is **GRANTED**, and the government may question Jones's former counsel, Stephen Grace and Cynthia Fort, about their communications with their former client. The waiver of attorney-client privilege is narrow, however, and extends only to communications concerning the alleged missing patient files and other information provided to the attorneys that allegedly affected Jones's sentence, which are implicated by Ground One of Jones's § 2255 motion. Any information obtained from counsel shall be used only with regard to the litigation of Jones's § 2255 motion and for no other purpose.

It is so **ORDERED**.

_Kevin H. Sharp_
Kevin H. Sharp
United States District Judge